UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM SPARKS,

        Plaintiff,

                                       Civil Action 2:18-cv-456
    v.                              Judge Algenon L. Marbley
                                       Magistrate Judge Elizabeth P. Deavers

ZANESVILLE METROPOLITAN
HOUSING AUTHORITY,

        Defendant.

**ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION**

      Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, brings

this action against Defendant Zanesville Metropolitan Housing Authority ("ZMHA"). This

matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma*

*pauperis*, which is **GRANTED**. (ECF No. 1.) All judicial officers who render services in this

action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also

before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C.

§ 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint,

or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2). Having performed the initial screen, for the reasons that follow, it is

**RECOMMENDED** that the Court **DISMISS** this action for lack of subject matter jurisdiction.

# I.

Congress has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief maybe granted. 2 8 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

In addition, a federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

# II.

Plaintiff's Complaint in its entirety states as follows:

I've been denied housing for the last six yrs. The person that makes that decision refuses to cooperate, because an angry girlfriend spoke to her. This lady laughed

> in my face twice now and once on the phone.  Slandered my name for fun, made
> me beg for housing, and still refused me.  This person told me i [sic] would NOT
> get housing for at least 5 more yrs and to go sleep outside in the cold in a tent.
> The paperwork has put in in a state of shock with outright lies & slander to my
> good name.  Refuses to do her job to help house the people in need, for her own
> selfish gain.  Fresh re-done apartments are empty while i [sic] cant [sic] cook or
> refridgerate [sic] food outside.

(ECF No. 1-1 at PAGEID # 6.)  Plaintiff seeks monetary damages in the amount of $50,000.  (*Id.*

at PAGEID # 7.)

The Complaint does not contain "a short and plain statement of the grounds for the

court's jurisdiction[,]" Fed. R. Civ. P. 8(a)(1), because Plaintiff has failed to allege a claim

arising under federal law and it does not appear that complete diversity exists.  While Plaintiff

asserts a claim of defamation against ZMHA (ECF No. 1-1 at PAGEID # 6), defamation,

standing alone, does not state a claim arising under federal law.  *See Paul v. Davis*, 424 U.S. 693,

710 (1976) (noting that defamation, by itself, does not state a claim under 42 U.S.C. § 1983);

*Naegele Outdoor Advertising Co. of Louisville, a Div. of Naegele, Inc. v. Moulton*, 773 F.2d 692,

701 (6th Cir. 1985) ("[T]he interest in reputation alone is not sufficient to invoke the procedural

guarantees contained in the Due Process Clause of the Fourteenth Amendment." (citing *Paul*,

424 U.S. at 701, 710–11)).

Moreover, Plaintiff cannot successfully invoke this Court's diversity jurisdiction with

regard to his state-law defamation claim because Plaintiff and ZMHA are both Ohio residents.

(ECF No. 1 at PAGEID # 3 (listing Plaintiff's address in Zanesville, Ohio); ECF No. 1-1 at

PAGEID # 5 (identifying ZMHA's address as 407 Pershing Rd., Zanesville, Ohio 43701).)  In

addition, the amount in controversy is less than $75,000.  (ECF No. 1-1 at PAGEID # 7.)

Accordingly, the Undersigned cannot discern a basis for federal jurisdiction.

## III.

For the reasons explained above, the Court lacks subject matter jurisdiction over this action.  It is therefore **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(h)(3).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED**.


Date: May 31, 2018                              ____/s/ *Elizabeth A. Preston Deavers*
                                                 ELIZABETH A. PRESTON DEAVERS
                                                 UNITED STATES MAGISTRATE JUDGE